In re Sandra B. DOCKERY, Debtor.

Barbara J. MANN, Plaintiff,

v.

Kevin R. McCARTHY,
Trustee, Defendant.

Bankruptcy No. 88–00380.
Adv. No. 88–0067.

United States Bankruptcy Court,
District of Columbia.

June 29, 1990.

**2**

Barbara J. Mann, Office of the Corp. Counsel, Sp. Litigation Section, Washington, D.C., for plaintiff.

Kevin R. McCarthy, Washington, D.C., for defendant.

## DECISION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The defendant McCarthy moves for summary judgment adjudicating that a house he holds as Chapter 7 trustee of the estate of Sandra B. Dockery need not be returned to a decedent's estate whence the house was improperly distributed to Dockery. The motion will be granted.

The plaintiff Mann is successor personal representative of the decedent's estate in the District of Columbia. Dockery was the original personal representative, acting under a will admitted to probate. When she was still personal representative, and acting as such, Dockery conveyed the house [1] in the decedent's estate to herself individually as the decedent's heir. The transfer was improper because it left the decedent's estate with insufficient funds to pay creditors. After the transfer Dockery filed a case under Chapter 7 of the Bankruptcy Code and McCarthy was appointed trustee. Mann then sued on behalf of the decedent's estate to recover the house.

■■■ The rights of the parties turns on D.C.Code § 20–1104 [2] and 11 U.S.C. § 544(a)(3) [3] under D.C.Code § 20–1104(b), Mann had the right to sue Dockery to recover the improperly distributed house. However, under D.C.Code § 20–1104(c), a purchaser for value from Dockery as distributee would have taken "good title free of any claims of the estate." Thus, McCarthy, as trustee, defeats Mann's rights under D.C.Code § 20–1104(b) invoking under 11 U.S.C. § 544(a)(3) his "rights and powers of ... a bona fide purchaser of real property ... from the debtor ... at the time of the commencement of the case." Because such a purchaser would have tak-

1. The house involved is all that real property identified as Square 2918 Lot 76 improved by premises known as 4517 Iowa Avenue, N.W., Washington, D.C.

2. D.C.Code § 20–1104 provides:
    (a) Title of distributees.—Proof that a distributee has received an instrument or deed of distribution of assets in kind from the personal representative is conclusive evidence that the distributee has succeeded to the interest of the estate in the distributed assets, as against all interested persons, except that the personal representative shall recover the assets or their value if the distribution was improper in accordance with subsection (b).
    (b) Improper distribution; liability of distributee.—A distributee of property improperly distributed who has not disposed of the property shall return the property received to the personal representative unless the distribution can no longer be questioned because of adjudication or limitations. If a distributee has disposed of any property improperly distributed, such distributee shall be liable to the personal representative for the value of the property on the date of distribution or the date of disposition, whichever is lower, unless the distribution can no longer be questioned because of adjudication or limitations.

    (c) Purchasers from distributees protected. —If property distributed in kind is sold to a purchaser for value by a distributee who has received an instrument or deed of distribution from the personal representative, the purchaser takes good title free of any claims of the estate and incurs no personal liability to the estate. To be protected under this provision, a purchaser need not inquire whether a personal representative acted properly in making the distribution in kind.

3. 11 U.S.C. § 544(a)(3) provides:
    (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

    \*     \*     \*     \*     \*     \*

    (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

en free of any right of the personal representative of the decedent's estate to recover the house under D.C.Code § 20–1104(b), the trustee takes free of that right as well. *City of New York v. Johnson*, 137 F.2d 163 (2d Cir.1943), cited by the trustee, applied a similar rationale, pursuant to the trustee's powers as a hypothetical judgment lien creditor under § 70(c) of the Bankruptcy Act, to defeat the rights of recovery by victims of a fraudulent conveyance to a debtor.[4] See also *Belisle v. Plunkett*, 877 F.2d 512 (7th Cir.), *cert. denied*, — U.S. ——, 110 S.Ct. 241, 107 L.Ed.2d 191 (1989) (applying § 544(a)(3) in similar fashion). That the creditors of Dockery's estate will obtain a windfall to the detriment of the creditors of the decedent's estate stems from a Congressional policy decision this Court cannot ignore.[5]

Mann argues that the debtor was not a bona fide purchaser, a misfocus because § 544(a)(3) deals with a hypothetical purchaser from the debtor.

More on the mark, Mann argues that Dockery had no power as personal representative to distribute the house, citing D.C.Code § 20–741. But that provision is a mere recitation of the general powers of a personal representative. D.C.Code § 20–1104 itself contemplates that a personal representative will on occasion employ those powers to make an improper distribution. Such a distribution is given effect, although the personal representative (or successor) may recover the property from the distributee. D.C.Code § 20–1104(a) and (b). That recovery power, as discussed above, is ineffective against the trustee by reason of 11 U.S.C. § 544(a)(3).

Mann's next argument relies on D.C. Code § 20–742, a wholly inappropriate argument because the statute deals with sales by a personal representative, not distributions.

■ Mann argues that Congress made clear in the legislative history to 11 U.S.C. § 362 that the automatic stay does not stay probate proceedings in which the debtor is a fiduciary and that a decedent's estate's property is not property of a debtor in bankruptcy.[6] But the debtor no longer is the personal representative of the decedent's estate and in any event the house is no longer property of the decedent's estate. Mann's claim against the debtor is against her individually, for breach of fiduciary duties and as an improper distributee, not against her as a present holder of the house in a fiduciary capacity.

Summary judgment shall be entered in favor of the defendant.

---

4. An identical analysis applies to Mann's invocation of D.C.Code § 28–3101, dealing with fraudulent conveyances, because the statute provides that it "does not affect the title of a purchaser for value, unless it appears that he had previous notice of the fraudulent intent of his immediate grantor," thus immunizing the trustee as a hypothetical bona fide purchaser under 11 U.S.C. § 544(a)(3) from an attack by Mann under the fraudulent conveyance statute.

5. Mann nevertheless has a claim against Dockery which she may file in this case in order to receive a distribution under 11 U.S.C. § 726.

6. Mann cites 11 U.S.C. § 541(b)(1) for the proposition that property of the debtor's estate does not include a house held by a debtor as personal representative of the decedent's estate. Although 11 U.S.C. § 541(d) appears to be more germane to that proposition, the basis for or soundness of the proposition is of no moment because Dockery no longer held the property as a personal fiduciary when she filed her bankruptcy case, thus rendering the proposition irrelevant.